## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Mark T. Hulcher

### June 23, 1993

### Case No. LW-1294–4

BY JUDGE RANDALL G. JOHNSON

I have been unable to locate any statutory or other authority which allows a Virginia city to stay an administrative grievance pending the outcome of judicial proceedings based upon the same facts as the grievance. In the absence of such authority, I do not believe it is appropriate for a city to enforce such a stay. An employee's rights under a city's grievance procedure and at common law are independent of each other and, absent some legislative pronouncement to the contrary, an employee should not be made to forfeit one set of rights when he or she chooses to pursue another. Accordingly, I hold that the City of Richmond may not properly refuse to process Mr. Hulcher's grievance simply because he has filed a lawsuit on issues identical to those contained in his grievance.

I further hold, however, that the City did not refuse to act without just cause. That is, that even though I now hold that the City must process Mr. Hulcher's grievance without further delay, its reason for not having previously proceeded constitutes "good cause" within the meaning of Personnel Rule 8.2.8. Thus, its failure to process the grievance does not automatically result in a decision in Mr. Hulcher's favor. Instead, the City will be required to now process the grievance.

### *Order*

This cause came on June 9, 1993, on plaintiff's appeal from a Compliance Determination of the City of Richmond and was argued by plaintiff and by counsel for the City. Upon consideration whereof and for the reasons stated in the letter opinion dated this date, it is ordered that the City's Compliance Determination is reversed, and this cause is remanded to the City with instructions for the City to process plaintiff's grievance without further delay. It is further ordered that this

order shall not constitute, by itself, a decision in plaintiff's favor in his underlying grievance.